In the Matter of the Application of WILLIAM BAYARD CUTTING to be Discharged as Trustee under the Last Will and Testament of CHARLES KENNEDY HAMILTON, Deceased. (No. 1.)

LOUISE SAVAGE TYNG, Individually and as Guardian of the Person and Property of ELEANOR MARGARETTE HAMILTON, Appellant; WILLIAM BAYARD CUTTING, Respondent.

*Power to appoint a guardian* ad litem *— practice in a special proceeding — an appointment of a guardian nominated by the adverse party will be vacated.*

Where an infant beneficiary of a trust, over the age of fourteen years, and a resident of the State of New Jersey, is served, in the State of New York, with an order made in a special proceeding instituted by the trustee, in the Supreme Court of the last-mentioned State, to obtain a discharge from his trust, requiring her to show cause why a guardian *ad litem* should not be appointed to represent her in such proceeding, the Supreme Court of the State of New York has, upon the failure of the infant to apply for the appointment of a guardian

FIRST DEPARTMENT, MARCH TERM, 1899.    [Vol. 38.

*ad litem* prior to the return day mentioned in the order, power to appoint such a guardian.

Where, however, the Supreme Court of the State of New York appoints a guardian *ad litem* nominated by the adverse party in express violation of rule 49 of the General Rules of Practice, the order appointing the guardian *ad litem* so nominated should be vacated.

*Semble*, that the practice to be followed in the appointment of such guardian, is analogous to that prescribed in section 473 of the Code of Civil Procedure relative to the appointment of a guardian *ad litem* for a non-resident infant defendant in an action.

APPEAL by Louise Savage Tyng, individually and as guardian of the person and property of Eleanor Margarette Hamilton, appearing in this proceeding specially and for the purpose of this appeal only, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of December, 1898, denying her motion to vacate an order appointing a guardian *ad litem* of the said Eleanor Margarette Hamilton.

*Morris A. Tyng*, for the appellant.

*J. Archibald Murray*, for the respondent.

INGRAHAM, J.:

The proceeding was commenced by the presentation of a petition by a testamentary trustee asking to be allowed to resign as such trustee, and that his accounts be judicially settled and allowed. An order to show cause was granted requiring the beneficiary of such trust, Eleanor Margarette Hamilton, an infant over the age of fourteen years, who resides with her general guardian, Louise Savage Tyng, at Summit, New Jersey, and others interested in the estate, to show cause at a Special Term of this court held in the county of New York, why the prayer of the said petition should not be granted. It appears that a copy of the petition and the order to show cause was served upon the infant, Eleanor Margarette Hamilton, in the city of New York on September 3, 1898. On September 17, 1898, the petitioner in this proceeding presented a petition to the court, reciting the presentation of the petition, to be allowed to resign and to have his accounts settled as trustee; that Eleanor Margarette Hamilton was an infant over the age of fourteen, who was a non-resident of the

State of New York, residing at Summit, in the State of New Jersey, with her aunt, Louise Savage Tyng, who was the guardian of her person and property, appointed by the will of the decedent; that no previous or other application for the appointment of a guardian *ad litem* had been made; that Alfred F. Seligsberg, an attorney and counselor of this court, was a responsible person and competent to understand and protect the rights of the said infant, and praying that the court make an order designating and appointing the said Selisgberg or some other suitable and competent person as guardian *ad litem* of the said infant. Annexed was a consent of the proposed guardian to become the guardian *ad litem* of the infant; and upon that petition, *ex parte*, an order was entered appointing the said Seligsberg guardian *ad litem* of the said infant, unless she or some one in her behalf procured such a guardian to be appointed within ten days after the service of a copy of the order as therein directed. A copy of this order was served upon Louise Savage Tyng, the general guardian of the said infant, whereupon she, upon an affidavit setting forth the appointment of the said Seligsberg as guardian *ad litem*, alleged that such guardian was appointed upon the nomination of the petitioner, an adverse party to the said infant, in this proceeding, and that no proof was presented to the court at the time of the making of the application for the said order that the order to show cause by which this proceeding was begun, or any other process of this court, was ever served on the said infant Eleanor Margarette Hamilton.

The petitioner, in reply to this application, presented to the court the original order appointing the guardian *ad litem*, with the petition upon which the order was granted and with proof of service of the order to show cause upon the infant on the 3d day of September, 1898. This order to show cause, thus served upon this infant, was granted by a justice of this court on August 23, 1898, and required the infant, with others, to show cause on August 29, 1898, why the prayer of the petition, and such other relief as might be proper, should not be granted. Annexed to this order to show cause were adjournments of the return day of the order, one to September 2, 1898, and a subsequent one, dated September first, to September 9, 1898. It appeared by the affidavit of the petitioner's attorney

that on September 9, 1898, the return day of the said order to show cause, Morris A. Tyng, an attorney and counselor at law and the husband of Louise Savage Tyng, the general guardian of the said infant, appeared in court and stated that he appeared to present a preliminary objection, on the ground that certain persons named as parties had not been personally served with the said order to show cause; that thereupon the court, before whom the said application was made, granted an adjournment until September 16, 1898, without hearing the said preliminary objections; that on September 16, 1898, the parties again appeared before the court and the deponent, at the request of the said Tyng, exhibited to him the proofs of service, attached to said original order to show cause, upon the said Eleanor Margarette Hamilton and others; that up to that time no application had been made on behalf of the said Eleanor Margarette Hamilton for the appointment of a guardian *ad litem* on her own behalf; that on September 16, 1898, the proceedings were further adjourned to September 27, 1898, and on September seventeenth the order sought to be vacated appointing the guardian *ad litem* was granted.

The infant having been served with a copy of the order to show cause within this State, which order required her to show cause on September 9, 1898, and having failed prior to that time to apply for the appointment of a guardian *ad litem*, she being over the age of fourteen years, it would seem that the court had power to appoint a guardian *ad litem* to represent her upon the hearing. The infant having failed to apply for the appointment of a guardian *ad litem*, the court was bound to protect her by appointing a proper person to represent her, both upon the hearing of the order and upon the subsequent proceedings. Section 473 of the Code of Civil Procedure, although applicable only to an action, would present by analogy the proper proceeding to be pursued in the appointment of a guardian *ad litem*. It is settled that service of process upon the infant was not essential to confer jurisdiction upon the court. (*Smith* v. *Reid*, 134 N. Y. 568, 573.) But here the court had jurisdiction by reason of the service of the order to show cause and the petition on the infant within this State. The petitioner in the proceeding presented to the court a petition for the appointment of such a guardian. That petition nominated a person to be appointed

guardian *ad litem*, and the court accepted such nomination, appointed the person so nominated by the petitioner, who, in this proceeding at least, was an adverse party to the infant. This was in express violation of rule 49 of the General Rules of Practice which provides that no person shall be appointed guardian *ad litem* who is nominated by the adverse party. The court having thus, in violation of the rule which has the force of a statute, appointed as a person to protect the rights of this infant one nominated by the adverse party, I think it was the duty of the general guardian of the infant to call the attention of the court to the violation of this rule and to request that the order so made be vacated, and that upon the attention of the court being so called to that fact it was the duty of the court to vacate such order.

It is quite apparent that the protection of infants, especially in proceedings of this character, where a decree upon the accounting discharges the trustee from any liability to the infant, requires that this rule be rigidly enforced. The rights of infants can only be protected upon such an accounting by the active and intelligent efforts of a guardian *ad litem* whose only interest is the full protection of the infant's rights, and it is quite apparent that a guardian *ad litem* nominated by the party whose accounts are to be passed might be exposed to influences other than those which should control a guardian *ad litem*, whose sole object should be to procure the recognition of all the infant's rights. For this reason, therefore, we think the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.